# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| VELECIO JAMEL SMITH, ) | |
| ) | |
| ) | CIVIL ACTION NO. 9:16-cv-1825-TCM-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN MANSUKHANI, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner is currently an inmate at the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale")[1]. This writ of habeas corpus petition was filed <u>pro se</u> on June 1, 2016 pursuant to 28 U.S.C. § 2241.[2] Petitioner raises the following claims for relief in his Petition:

> **Ground One:** That the B.O.P. filed a letter of inquiry causing the sentencing court to erroneously alter; resentence Petitioner to a consecutive sentence to his state sentence.
>
> **Ground Two:** That the B.O.P. relinquished custody of the Petitioner.
>
> **Ground Three:** That the government violated the defendant's plea agreement by not sticking to the recommendation for concurrent sentences.

See Petition, pp. 8-9.

---

[1] At the time when Petitioner filed his petition, he was an inmate Federal Correction Institution in Estill, South Carolina.

[2] Since the delivery date to the prison mail room is not evident on the envelope, the undersigned has used the date of the application so as to give Petitioner the benefit of the doubt of the earliest possible filing date. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



The Respondent filed a motion to dismiss or in the alternative for summary judgment on September 28, 2016. As Petitioner is proceeding pro se, a Roseboro order was filed on September 29, 2016, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed as his response a motion to dismiss his petition without prejudice. Petitioner states in his motion that he wishes to dismiss this case so that he can instead pursue some type of action in the District Court of Northern Alabama (his sentencing court) in his criminal case, no. 2:08-cr-0141.

Since Petitioner is the "master of his pleadings", it is recommended that his request to dismiss this action, without prejudice, be **granted**. However, Petitioner should not take this recommendation as expressing any opinion as to whether or not he can successfully pursue or even file an additional action in his criminal proceeding in the District Court in Alabama. Petitioner should also be mindful of requirements relating to exhaustion of remedies, statute of limitations, and successive petition rules which may apply to his claims.

**Conclusion**

Based on the foregoing, unless Petitioner notifies the Court within the time for filing objections to this Report and Recommendation that he desires to continue to pursue his claims in this Court as a § 2241 action, it is recommended that Petitioner's motion to dismiss be **granted**, that Respondent's motion to dismiss and/or for summary judgment be **denied**, **without prejudice**, and that this habeas Petition be **dismissed**, without prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 2, 2016
Charleston, South Carolina



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

